IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANKIE T. LYDEN, et al.,                )
                                         )
                    Plaintiffs,          )
                                         )
v.                                       )      Case No. 15-9289-CM
                                         )
HOGAN DEDICATED SERVICES, LLC,           )
et al.,                                  )
                                         )
                    Defendants.          )

## ORDER

On July 28, 2015, Michael Lyden died after the tractor-trailer he was driving collided with a tractor-trailer driven by Michael Daniely.  At the time of the accident, Daniely was acting within the course and scope of his employment.  On September 28, 2015, Frankie Lyden, as surviving spouse and also as special administrator to Mr. Lyden's estate, filed this negligence and wrongful-death suit against Daniely and three related entities alleged to be Daniely's employer: Hogan Dedicated Services, LLC, Hogan Transports, Inc., and Hogan Truck Leasing, Inc., d/b/a Hogan Motor Leasing, Inc. (collectively, "The Hogan defendants").[1]  The four defendants filed a joint answer on November 16, 2015, in which they admitted the Hogan defendants were "alter egos of one another" and all employers of Daniely.[2]

Now, a year later, Hogan Leasing has filed a motion for leave to file an amended

---

[1]ECF doc. 1 (complaint).

[2]ECF doc. 8 (answer).

answer that would distance itself from Hogan Dedicated and Hogan Transports (ECF doc. 98).  Hogan Leasing's motion states that Hogan Leasing is a separate company that merely leased the tractor-trailer driven by Daniely to Hogan Dedicated, Daniely's true employer. Because Hogan Leasing has not presented an adequate reason for its lengthy delay in seeking to amend its answer, and because the proposed amendment would greatly prejudice plaintiff if permitted, the motion is denied.

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15 dictates the court "should freely give leave when justice so requires."  When the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) also may be implicated.[3]  Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause."  Thus, courts in the District of Kansas determine whether the Rule 16(b)(4) "good cause" standard has been established before proceeding to determine if the more-liberal Rule 15(a) standard has been satisfied.[4]  In this case, the scheduling order set a deadline of January 11, 2016, for

---

[3]The Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders."  *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)).

[4]*See, e.g.*, *Stottlemyre v. Sunflower Elec. Power Corp.*, No. 12-2443, 2014 WL 7272524, at *2 (D. Kan. Dec. 18, 2014); *Butler Nat'l Serv. Corp. v. Navegante Grp., Inc.*, Nos. 09-2466, 09-2554, 10-2444, 2011 WL 941017, at *2 (D. Kan. March 16, 2011); *Five Rivers Ranch Cattle Feeding, LLC v. KLA Env't Servs., Inc.,* No. 08-2185, 2010 WL 2609426, at *2 (D. Kan. June 25, 2010); *Miller v. Union Pacific R.R.*, No. 06-2399, 2008 WL

amending the pleadings.[5] Because Hogan Leasing didn't file the instant motion until October 31, 2016, the court will follow the two-step approach in evaluating the proposed amended answer.

### Rule 16(b)(4)

To establish "good cause" under Rule 16(b)(4), Hogan Leasing must show it could not have met the January 11, 2016 scheduling-order deadline for amending its answer even if it had acted with "due diligence."[6] In making this showing, Hogan Leasing "must provide an adequate explanation for any delay."[7] "This compels more than showing 'excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"[8] Significantly, neither the bad faith of the moving party, nor lack

---

4271906, at *2 (D. Kan. Sept. 12, 2008); *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 2944909, at *2 (D. Kan. July 28, 2008).

[5]ECF doc. 12 at 2.

[6]*Butler*, 2011 WL 941017, at *2; *Manuel v. Wichita Hotel Partners, LLC*, No. 09-1244, 2010 WL 3861278, at *1–2 (D. Kan. Sept. 20, 2010) (quoting *Greig v. Botros,* No. 08-1181, 2010 WL 3270102, at *3 (D. Kan. Aug. 12, 2010)); *Miller*, 2008 WL 4271906, at *2. *See also Jackson v. Coach, Inc.*, No. 07-2128-JTM, 2008 WL 782635, at *2 (D. Kan. Mar. 20, 2008) ("The good cause requirement of Rule 16(b) requires the moving party to establish that the scheduling order's deadline could not have been met with diligence.") (citing *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993) (holding the plaintiff failed to demonstrate the required "good cause" to justify allowing an untimely motion to amend)).

[7]*Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).

[8]*Layne Christensen, Co. v. Bro-Tech Corp.*, No. 09-2381, 2011 WL 3847076, at *3 (D. Kan. Aug. 29, 2011) (quoting *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996)).

of prejudice to the non-moving party, is a focus of the Rule 16(b) inquiry.[9]  Ultimately, whether to modify the scheduling order lies within the court's sound discretion.[10]

Hogan Leasing really makes no argument that it could not have amended its answer by the deadline if it had acted with diligence.  Hogan Leasing's proposed amended answer denies that the Hogan defendants are alter egos of one another, denies that Daniely was an employee for Hogan Leasing, and denies that Hogan Leasing was operating the tractor-trailer driven by Daniely.[11]  Hogan Leasing states in its motion that, *from the outset of discovery*, it has represented that Hogan Leasing operates a separate business from Hogan Transports and Hogan Dedicated; that Hogan Leasing leased the tractor-trailer involved to Hogan Dedicated; and that Daniely was Hogan Dedicated's employee, and was dispatched by Hogan Dedicated on the date of the accident.  Thus, Hogan Leasing does not assert that it only became aware of this information—upon which it seeks to amend its answer—after the January 2016 deadline for amending pleadings expired.

Rather, Hogan Leasing makes the rather specious argument that it did not act sooner because it believed plaintiff would voluntarily dismiss it from the case, until its counsel received a letter from plaintiff's counsel stating the contrary on September 6, 2016.  Hogan Leasing states, "Once it received counsel's letter, Hogan Truck Leasing discovered its

---

[9]*Manuel*, 2010 WL 3861278, at *2; *Greig*, 2010 WL 3270102, at *3.

[10]*Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

[11]ECF doc. 98-1 at ¶¶ 5–6, 10–11, 15, 19–23, 26–28, 30–32.

original pleading errors and omissions and has acted diligently to correct them."[12] First, the court finds it suspect that Hogan Leasing was unaware of its "pleading errors" until September 2016. The court itself issued an order on July 28, 2016, stating in the first paragraph that "Daniely was acting within the course and scope of his employment with defendants Hogan Dedicated Services, LLC, Hogan Transports, Inc., *and Hogan Truck Leasing*, Inc., d/b/a Hogan Motor Leasing, Inc."[13] This order should have alerted Hogan Leasing that the Hogan defendants were being treated as alter egos of one another. But even taking Hogan Leasing at its word, it still does not explain why Hogan Leasing did not actively seek voluntary dismissal from plaintiff prior to the pleading-amendment deadline or an extension of that deadline. Nor does it explain why Hogan Leasing waited more than seven weeks to file the instant motion after receiving plaintiff's letter refusing dismissal. What actually appears to have happened is that Hogan Leasing retained new counsel on October 31, 2016, who decided to pursue a new approach in defending this action.[14] A change in legal strategy or the errors of past counsel do not equate to due diligence.[15] The court finds Hogan Leasing's explanation of its delay inadequate to satisfy the Rule 16(b)

---

[12]ECF doc. 98 at 2.

[13]ECF doc. 57 at 1 (emphasis added).

[14]*See* ECF doc. 97 (entry of appearance of substituted counsel for Hogan Leasing).

[15]*See Layne Christensen,* 2011 WL 3847076, at *3 ("mistake of counsel . . . usually does not suffice").

"good cause" standard for modifying the scheduling order deadline.[16]

### Rule 15(a)

Although the court need not go on to address Rule 15(a) where there is no good cause for amending the scheduling order deadline for amending pleadings under Rule 16(b)(4), the court nevertheless will apply Rule 15(a) for the benefit of the parties. Rule 15(a) anticipates the liberal amendment of pleadings, but a court may deny leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[17] Plaintiff argues that leave to amend Hogan Leasing's answer should be denied because Hogan Leasing delayed in seeking the amendment and the amendment would unfairly prejudice plaintiff. The court agrees.

First, as to undue delay, Hogan Leasing's motion for leave to amend its answer was filed nine months after the amendment deadline. The court found above that Hogan Leasing presented no adequate explanation for its delay in seeking amendment.[18] "Undue delay on its own is a sufficient reason to deny leave to amend, especially when the party filing the

---

[16]In its reply memorandum, Hogan Leasing asks the court to base its decision on Hogan Leasing's assertion that it has not engaged in gamesmanship and that plaintiff would not be prejudiced. But as noted above, neither the bad faith of the moving party, nor lack of prejudice to the non-moving party, is a focus of the Rule 16(b) inquiry.

[17]*Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[18]*Minter*, 451 F.3d at 1206 ("We have held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay.") (internal quotations and citations omitted).

motion has no adequate explanation for the delay."[19]  Moreover, as in this case, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original [pleading], the motion to amend is subject to denial."[20]  The court does not find Hogan Leasing's delay excusable, and could deny leave to amend on this basis alone.

Second, prejudice to the non-moving party is the most important factor in deciding a motion to amend the pleadings.[21]  "'Rule 15 . . . was designed to facilitate the amendment of pleadings *except* where prejudice to the opposing party would result.'"[22]  Here, plaintiff structured her discovery on the theory that the Hogan defendants are alter egos of one another, as was expressly admitted in defendants' answer.[23]  Discovery is now closed, and the parties' proposed pretrial order is due in just two days.[24]  Plaintiff states that if the amendment is allowed, discovery would need to be re-opened for plaintiff to gather information about the financial and managerial inter-relationship of the Hogan defendants.

---

[19]*Boardwalk Apartments, L.C. v. State Auto Prop. & Cas. Ins. Co.,* No. 11-CV-2714-JAR, 2012 WL 3024712, at *3 (D. Kan. July 24, 2012) (citing *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365–66 (10th Cir.1993)).

[20]*Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (original quotation and citation omitted).

[21]*Minter*, 451 F.3d at 1207.

[22]*Id.* at 1207–08 (quoting *United States v. Hougham*, 364 U.S. 310, 316 (1960) (emphasis added)).

[23]ECF doc. 104-5 at ¶¶ 4, 9 (declaration of Bradley A. Pistotnik).

[24]ECF doc. 47 (amended scheduling order).

Plaintiff would attempt to demonstrate that the three companies are "so commingled and interwoven that they are alter egos of one another."[25]  Plaintiff's counsel has submitted an affidavit estimating the cost to plaintiff of such additional discovery at $70,000 to $80,000.[26] Morever, trial would necessarily be delayed.  Permitting Hogan Leasing to amend its theory of defense, especially at this advanced stage of the litigation, would clearly cause plaintiff undue difficulty in prosecuting the lawsuit.[27]

Plaintiff has satisfied her burden of demonstrating that leave to amend Hogan Leasing's answer should be denied under the present circumstances.[28]

In consideration of the foregoing,

IT IS HEREBY ORDERED that Hogan Leasing's motion to amend (ECF doc. 98) is denied.

Dated this 16th day of November, 2016, at Kansas City, Kansas.

---

[25]ECF doc. 104 at 3.

[26]ECF doc. 104-5 at ¶ 7 (declaration of Bradley A. Pistotnik).

[27]*See Welch v. Centex Home Equity Co., L.L.C.*, 323 F. Supp. 2d 1087, 1091 (D. Kan. 2004) ("Prejudice under Rule 15 means undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party.").

[28]In addition to undue delay and prejudice, plaintiff also may be making an argument that leave to amend should be denied on futility grounds.  In the Background section of her response brief, plaintiff states Hogan Leasing is a "carrier responsible for safety," such that permitting it leave to amend its answer to disclaim responsibility would be futile.  ECF doc. 104 at 5.  Because the court has determined that leave to amend must be denied on other grounds, the court need not reach this futility argument.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge